Parker C. J.
delivered the opinion of the Court. The question in this case arises from an unfortunate obscurity in the terms of the statute on which the indictment is founded. Taken strictly, without reference to the subject matter and the manifest intention and object of the legislature, it would appear, that in order to sustain an indictment on the statute, it must be averred and proved that the board of health or selectmen of no town in" the Commonwealth had given license to do the act complained of. The consequence would be, as oral testimony alone can be admitted on criminal trials, of facts proveable by witnesses, that the officers of every town, to the number of three or four hundred, must be summoned and give their personal attendance in the court where such prosecution is pending. We hazard nothing in saying that the legislature never intended such an absurdity.
But it is said that penal statutes admit of no latitude of construction ; that they are to be taken strictly, word for word, let the consequences be what they may. It is true it is so laid down as a general rule, and the reason is, that the Court shall not be allowed to make that an offence which is not so made by the legislative enactment. But the rule does not exclude the application of common sense to the terms made use of in the act, in order to avoid an absurdity which the legislature ought not to be presumed to have intended. There are cases which show this, although precedents would not be required to sustain so reasonable a doctrine. Bac. Abr. Statute I, 9; Heydon's case, 3 Coke, 7; Rex v. Gage, 8 Mod. 65; Plowd. 86; and The Soldier's case, Cío. Car. 71, — all of which are cited by Bacon, — go to show that even penal statutes, though to be construed strictly, as the general rule, yet are to receive such a construction as will conform to the intention of the legislature ; some of them are stronger cases than this.
This statute has been in operation twelve or thirteen yeais, during which time there have been many prosecutions under it. which have been defended with great zeal by eminent counsel *386 and yet the defect now suggested has never before been piesented. This shows that the common understanding of the profession has been, that the words of the statute in regard to a license from the selectmen of any town, had reference to the town within which the offence was committed. And there is reason for this in the statute itself, for it is obvious that the legislature considered the offence, though of a public nature, to be particularly injurious to the community or town where repositories for the dead had been violated. How strange it would be, that a man indicted for breaking up a graveyard ii Springfield on Connecticut river, and rifling it of dead bodies, should produce a license from the selectmen of Province-town, at the extremity of Cape Cod, as a justification for the act; and yet this would be a good defence, upon the construction of the statute demanded in support of this motion. By the last section of the statute it is provided, “ that one half the penalty or fine shall enure to the town within which the offence is committed.” This shows that the legislature contemplated towns as more specially interested in the prosecution, and may serve to show their intention in the phrase any town in the Commonwealth, when providing for a license or authority to do the act.
It was objected to the verdict in this case, that the evidence reported proves that the defendant was guilty of digging up &c the body, so that his case is within the first section of the stat ute ; whereas he is charged only on the second section, with receiving, concealing and disposing of it ; which is founded upon the act of digging up &c. being done by another. The testimony had a tendency to prove that the breaking up the grave and removing the body were by Moore and Perkins, who appear to have been employed by the defendant; but it was not decisively proved that they did the act. The evidence went no further than to show, that the body having been dug up and removed from the grave, outside the burying-ground, where it was covered by leaves, it was taken from this place of concealment by the defendant’s order, and under his control was carried off. The case then is very clearly within the second section of the statute. Motions overruled.[1]

 See Revised Stat. c. 130, § 19; Commonwealth v. Cooley, 10 Pick. 37.